## In re INTERBOROUGH–MANHATTAN RECEIVERSHIP PROCEEDINGS.

District Court, S. D. New York.
Nov. 5, 1932.

Charles Franklin, of New York City, for plaintiff Benjamin F. Johnson et al.

Louis Boehm, of New York City, for Lillian Boehm, intervener.

Breed, Abbott & Morgan, of New York City, for the American Brake Shoe & Foundry Co.

James L. Quackenbush, of New York City, for Interborough Rapid Transit Co.

Hughes, Schurman & Dwight, of New York City, for William Roberts, receiver of Manhattan Ry. Co.

Hornblower, Miller, Miller & Boston, of New York City, for receivers of Interborough Rapid Transit Co.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for the 7 Per Cent. Noteholders' Committee and 5 Per Cent. Bondholders' Committee, both committees of Interborough Rapid Transit Co. securities.

Root, Clark & Buckner, of New York City, for committee of Interborough Rapid Transit Co. Ten-Year 6 Per Cent. Gold Notes.

Cotton, Franklin, Wright & Gordon, of New York City, for Protective Committee of Manhattan Consolidated 4's.

Davies, Auerbach & Cornell, of New York City, for Central Hanover Bank & Trust Co.

Milbank, Tweed, Hope & Webb, of New York City, for Chase Nat. Bank, trustee under Manhattan Ry. Co. second mortgage.

Marshall & Wehle, of New York City, for Harold Palmer et al., acting as Protective Committee for 7 Per Cent. Guaranteed stock of Manhattan Ry. Co.

WOOLSEY, District Judge.

This motion is denied without prejudice to its renewal before the appropriate judge.

I. The objective of a court which has to deal with the administration of estates in equity receiverships should be unity of supervision as rule 4 of the Equity Rules of this court witnesses.[1]

With that objective in view I provided in my order of October 18th, in which, inter alia, I vacated the appointment of the receivers made by Judge Manton, for the suspension of the operation of that order for twenty days. The object of this suspension was to leave the status quo undisturbed until the receivers appointed by Judge Manton in the American Brake Shoe & Foundry Co. Case, Equity No. 70—364, could have an opportunity, if so advised, to appeal from my said order.

They did appeal and have now perfected their appeal and the case is now in the Circuit Court of Appeals.

II. On November 2, 1932, Judge Learned Hand signed and filed in the Circuit Court of Appeals an order further suspending the operation of my order of October 18th until the determination of the appeal and the remittitur of the mandate thereon.

It seems to me that the objective of unity of supervision of receiverships is implicit in Judge Hand's order; otherwise he would not have suspended the operation of my order.

The rationale of the further provision of the order to the effect that "this suspension shall not affect the rights of any party to either suit to make any application or continue any pending application before any Judge, as he or it may be advised," is easily understandable. Obviously, it would have been embarrassing for a judge of the Circuit Court of Appeals before whom the appeal from my order of the 18th of October is soon to be heard, to indicate in his suspending order the judge to whom applications in the receiverships should be made pending the determination of such appeal. Wherefore, as I see it, the terms in which the above quoted proviso of Judge Hand's order were couched had inevitably to be general leaving parties and counsel to act as they might be advised.

By reason of the successive suspensions above mentioned, of my order of October 18th, that order has never become effective to achieve its purpose, and the situation is, that, pending the appeal, Judge Manton's orders made in the American Brake Shoe & Foundry Case, Equity No. 70—364, remains undisturbed.

III. A further consideration to be borne in mind in connection with the relief here sought is that an equity court has not the right to make summary orders against parties in a proceeding.

It is, of course, true that it may make summary orders against its own receivers because they are agents of the court, appointed by the court. In the present situation, however, there is not any receiver whom, in view of my opinion of October 13th and the resulting order of October 18th, any District Judge of this court can recognize.

IV. I am unable to see, therefore, how it would be appropriate for me, in view of the suspension of my order of October 18th by Judge Hand's order and in the face of rule 4 of the Equity Rules of this court, to take the steps in this proceeding which are now asked of me.

Settle order on notice.

---

[1] Equity Rule 4.

4. Supervision of Receivership Causes.

In any suit in which a receiver is appointed the judge who appoints the receiver shall retain supervision over the cause, including appointment of solicitors and applications for allowances. Unless otherwise required by law or by rule of this court, all matters therein shall be heard by him upon such notice to the parties and to the creditors as he shall prescribe, except that petitions for the appointment of a receiver or his solicitor or a master or for authority to employ accountants or appraisers or auctioneers and motions or petitions for orders upon merely administrative or routine matters may, in his discretion, be heard by him ex parte and except that motions or petitions as to merely routine matters, if contested, may be heard on notice in the general motion part or, if uncontested, may be heard ex parte by the judge assigned to hold that part.

If the judge who appointed the receiver be disqualified in a particular matter, or if he be no longer in office or be ill, incapacitated, or absent from the district, the Senior District Judge (or if he be ill, incapacitated, or absent from the district, the then acting Senior District Judge) shall act or designate another judge to act in the cause temporarily or during its further progress, as occasion may require.